The Honorable Judge Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>RAUL ANCHONDO,<br><br>　　　　　　　　　Defendant. | CASE NO.  CR12-62RSL<br><br>**ORDER** |

　　　　THIS MATTER comes before the Court on Defendant's pro se motion seeking a reduction in sentence.

　　　　In order to be eligible for a retroactive reduction, Defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable Guidelines amendment.  *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam).  Unless all criteria are met, a district court lacks jurisdiction to reduce the defendant's sentence because courts do not have inherent authority to alter a sentence once imposed.  *See United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009).

　　　　On May 16, 2013, Defendant Raul Anchondo was found guilty by a jury of Conspiracy to Distribute Heroin and/or Methamphetamine, Conspiracy to Possess Firearms in Furtherance of a Drug Trafficking Crime, and Possession of Firearms in Furtherance of a Drug Trafficking Offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and

18 U.S.C. § 924(o), and 18 U.S.C. § 924(c) (1)(A).  The jury specifically found that Defendant conspired to distribute one kilogram or more of heroin, and 500 grams or more of a methamphetamine mixture, and 50 grams or more of pure methamphetamine.  Dkt. 954 (Verdict).  These drug quantities trigger a mandatory minimum sentence on the drug count of 120 months' imprisonment.  21 U.S.C. § 841(b)(1)(A).

In calculating his applicable Guidelines range, Defendant was held responsible for a large quantity of drugs that were stored at his organization's stash house (the PSR, ¶ 45, states it was "in excess of 20 pounds of heroin, in excess of 30 pounds of methamphetamine"), which yielded a Base Offense Level of 38.  *See* PSR at ¶ 52.  Based on this quantity of drugs, and adding the two levels for the importation of methamphetamine from Mexico, Defendant's Total Offense Level was 40.  *See* PSR ¶¶ 52-60.  Defendant's criminal history category was IV, resulting in a sentencing range of 360 months to Life for the drug offense, plus the mandatory 60 months consecutive for the § 924(c) offense.  *See* Statement of Reasons Form, filed under seal.  *See* 18 U.S.C. §924(c)(1)(A).

At sentencing on November 21, 2013, the Court departed below this range and imposed a term of 180 months' imprisonment for all counts (120 months + 60 months, consecutive) and noted that the mandatory minimum sentence was imposed.  *See* Statement of reasons, filed under seal.  Accordingly, Defendant is ineligible for a reduction in sentence because his sentence was a mandatory minimum sentence, and not a sentence based on the Sentencing Guidelines that was lowered by a retroactively applicable amendment to the Guidelines.  As such, notwithstanding Defendant's laudable efforts toward education and improvement while in custody, this Court lacks jurisdiction to reduce Defendant's sentence.

Defendant's motion to correct or reduce sentence, Dkt. 1391, is DENIED.

Dated:  August 11, 2015.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER
CR12-62RSL- 2